2. EXECUTION, § 295*—*when record of action for slander conclusive on petition for discharge under Insolvent Debtors' Act.* Where a default judgment is entered against the defendant in an action for slander for words spoken which are actionable *per se*, the words spoken are admitted to be false by the default, and that they were maliciously uttered is conclusively presumed from the facts thus admitted and from the absence of any plea of justification or excuse.

3. LIBEL AND SLANDER, § 21*—*when malice presumed.* In an action for slander if the words charged to have been falsely uttered are not actionable *per se*, it is necessary to prove malice in fact; but if the words spoken are actionable *per se* then the law conclusively implies malice from the use of such words if false and uttered without legal justification or excuse.

4. LIBEL AND SLANDER, § 31*—*when imputation of theft actionable per se.* The words, "this woman has stolen the watch and chain belonging to my son," are actionable *per se.*

---

Hattie Isabella McLaughlin, Defendant in Error, v. National Protective Legion, Plaintiff in Error.

Gen. No. 18,563.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. EDWIN K. WALKER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed January 22, 1914.

. Statement of the Case.

Action by Hattie Isabella McLaughlin against National Protective Legion to recover the sum of five hundred dollars claimed to be due her on a policy of insurance in which she had been named beneficiary and which had been issued by defendant upon the life of plaintiff's husband, Patrick McLaughlin. From a judgment in favor of plaintiff for five hundred dollars, defendant brings error.

BERTRAND LICHTENBERGER, for plaintiff in error.

EMIL A. MEYER, for defendant in error.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.*

MR. JUSTICE GRIDLEY delivered the opinion of the court.

## Abstract of the Decision.

1. INSURANCE, § 664*—*when evidence insufficient to show forfeiture for failure to pay assessments in time.* In an action by a beneficiary on a policy of insurance where the defense is that the insured had been suspended for failure to pay certain monthly assessments in the time required by the provisions of the policy, a verdict in favor of plaintiff *held* to be sustained by the law and the evidence, it appearing that plaintiff had made payments to an agent of the defendant having apparent authority to make collections and that plaintiff had money to her credit in the hands of the defendant in excess of the amount necessary to pay all assessments for the months in question when they became due.

2. INSURANCE, § 611*—*burden of proving facts constituting a forfeiture.* The burden of showing a failure to pay assessments from which a forfeiture is claimed to have arisen is upon the insurer.

3. PAYMENT, § 28*—*when receipt admissible in evidence.* In an action on an insurance policy, admission in evidence of receipts given by an agent having apparent authority to collect assessments *held* not error, for the reason that no reference to the policy sued on appears on their face where they are introduced in connection with plaintiff's testimony explaining them.

---

## Wallace C. Abbott, Defendant in Error, v. Carl A. Anderson et al., Plaintiffs in Error.

### Gen. No. 18,630.

1. BANKRUPTCY, § 59*—*when discharge of partnership in bankruptcy releases individual partners.* Where a bankruptcy court adjudicated a partnership a bankrupt without adjudicating as bankrupts the individual members thereof or requiring them to file schedules of their individual property and entered a judgment confirming a composition agreement whereby the partnership creditors were paid seventy-five cents on the dollar, *held* that not only was the indebtedness of the partnership discharged but the individual partners were also discharged from the payment of such indebtedness, and that the partnership creditors had no right to pursue the

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.